UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SARA L. WELCENBACH,
    Plaintiff,

v.

COUNTY OF ONEIDA

and

GRADY HARTMAN,
    Defendants.

Case No: 17-CV-0312

# JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, the parties to this action, by their undersigned counsel, submit the following report and proposed discovery plan:

**A.**  **Matters Required By Standing Order**

1. <u>Nature of the Case</u>

Plaintiff currently is employed as a deputy sergeant with the Oneida County Sheriff's Department. She has been diagnosed with PTSD and has been on various forms of medical and administrative leave for some period of time. Plaintiff's amended complaint alleges that defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, The Family Medical Leave Act, The Americans with Disabilities Act, The Rehabilitation Act of 1973, and the Fourteenth Amendment to the United States Constitution. Defendants deny any unlawful discrimination or retaliation.

1

2. <u>Names of Related Cases</u>

Oneida County Case No. 2016CF000276.

Wisconsin Worker's Compensation Case No. 2014-030743.

Oneida County Law Enforcement Grievance Committee, *In re Charges Filed Against Sara L. Welcenmbach (f.k.a. Sara L. Gardner).*

3. <u>Statement of Material Factual and Legal Issues to be Resolved at Trial.</u>

The main factual disputes are the reason why Plaintiff was placed on leave, why she has not returned to work, whether she is capable of returning to work, and whether Defendants had legitimate non-discriminatory reasons for the various acts underlying Plaintiff's claims. The main legal issues are whether Defendants discriminated against Plaintiff based on her sex, alleged disability, FMLA status, and whether they retaliated against her for filing claims with the EEOC/Wisconsin's Equal Rights Division.

4. <u>Description of Amendments to The Pleadings</u>.

Plaintiff has already amended her complaint once pursuant to Fed. R. Civ. P. 15. Defendants do not anticipate amendments to their Answer and Affirmative Defenses, but reserve the right to seek leave of Court to do so based upon information obtained during investigation and discovery.

5. <u>Identity of New Parties to be Added</u>

The parties do not anticipate adding any additional parties at this time.

6. <u>Estimate Trial Length</u>

The parties anticipate trial will take at least one full week.

7. <u>Other Matters Affecting Just and Speedy Disposition.</u>

The parties consent to the proposed scheduling order set forth below. In addition, the parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P.

5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful; Rule 6(d) shall not apply in the event of such service.

**B.     Matters Required by Rule 26(f)**

    1.     <u>Changes/Timing of Initial Disclosures</u>:

The Parties have agreed to exchange Rule 26(a)(1)(A) initial disclosures by Friday July 14, 2017.

    2.     <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues</u>.

Discovery will be needed on all aspects of liability and damages, including an independent medical exam of Plaintiff's mental condition and ability to return to work. The parties believe all discovery should be conducted in a single phase.

    3.     <u>Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced</u>.

The parties do not anticipate there will be any issues with regard to ESI discovery, but agree to work cooperatively in addressing any such issues. To the extent there will be ESI discovery, the parties agree to produce relevant documents in PDF format.

    4.     <u>Issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>.

The parties agree to produce privilege logs along with the production of relevant documents during discovery setting forth any claims of privilege or work-product protection. The parties agree that after production of documents has occurred, any party may request the return of any inadvertently disclosed material protected by the attorney-client privilege or work product

3

doctrine. No such privileges are waived by inadvertent disclosures. The parties agree to work cooperatively to resolve any such disputes before requesting action by the court. It is not necessary to enter an order pursuant to Federal Rule of Evidence 502.

5. <u>Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).</u>

The parties agree to the following proposed scheduling order, based on this Court's anticipated schedule:

| Deadline | Proposed Deadline |
|---|---|
| Initial Disclosures under Rule 26(a)(1) | Friday, July 14, 2017 |
| Last day to amend pleadings/join parties without leave of the Court | July 30, 2017 |
| Disclosure of experts for party with burden of proof as to claims, with reports | October 1, 2017 |
| Disclosure of Defendants experts, with reports | January 1, 2018 |
| Deadline for filing dispositive motions/summary judgment | February 1, 2018 (4.5 mo. prior to trial per standing order) |
| Discovery closes | May 1, 2018 |
| Trial Date | June 2018 (full week) |
|  |  |

b. <u>Modification of discovery limits.</u>

The parties agree that if at any time either side wishes to propound interrogatories or take depositions exceeding the number permitted by the Federal Rules of Civil Procedure, they shall confer and make reasonable efforts to resolve such issues by agreement before submitting such issues to the Court. The parties will further meet and confer in good faith to resolve any issues regarding the timing of discovery and need for extension of discovery deadlines.

4

    c.    <u>Matters for Consideration Under Rule 16(c)(2)</u>:

None.

Dated this 23rd day of June, 2017.

        AXLEY BRYNELSON, LLP

        <u>/s/ *Timothy M. Barber*</u>
        Lori M. Lubinsky – State Bar No. 1027575
        Timothy M. Barber – State Bar No. 1036507
        Attorneys for Defendants
        Post Office Box 1767
        Madison, WI 53701-1767
        Phone: (608) 257-5661
        Fax: (608) 257-5444
        Email: llubinsky@axley.com; tbarber@axley.com


        HEINS LAW OFFICE

        <u>/s/ Janet H. Heins</u>
        Janet H. Heins – State Bar No. 1000677
        Attorney for Plaintiff.
        1001 West Glen Oaks Lane, Suite 103
        Mequon, Wisconsin 53092
        Phone: (262) 241-8444
        Fax: (262) 241-8455
        Email: jheins@heinslawoffice.com